2014 UT App 218

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF H.E. AND G.V.K., PERSONS UNDER EIGHTEEN YEARS OF AGE.

S.K.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140452-CA
Filed September 11, 2014

Third District Juvenile Court, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1089150

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES JAMES Z. DAVIS, STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     S.K. (Mother) appeals the juvenile court's order granting permanent custody of her children to the children's aunt and uncle. We affirm.

¶2     Mother raises three claims of error relating to an April 24, 2014 hearing: (1) the juvenile court erred by not ordering that

Mother be provided with reunification services while she was institutionalized at the Utah State Hospital; (2) the juvenile court erred in granting permanent custody of the children to relatives when Mother could not attend the hearing due to her institutionalization; and (3) the juvenile court erred in not taking evidence during that hearing. However, in making these arguments, Mother misconstrues the nature of the April 24, 2014 hearing.

¶3     On March 20, 2014, the matter was scheduled for a permanency hearing.[1] Mother appeared at the hearing with her counsel. After dealing with preliminary matters, including Mother's request to postpone the hearing, the juvenile court indicated that it was "time to do a permanency hearing." Accordingly, the court informed the parties that they could put on evidence or could proffer, as originally contemplated by the parties, but the hearing would proceed that day. Counsel for Mother stated that she did not want to put on evidence, instead indicating that she and the other parties would proffer the evidence. At the conclusion of the hearing, the juvenile court awarded custody and permanent guardianship to the children's aunt and uncle. However, based on the request of the parties the juvenile court did not terminate its jurisdiction. Instead, the court scheduled the April 24, 2014 review hearing in order to allow Mother to work out a visitation schedule with the children's new guardians, so that the schedule could be incorporated into the final order of the court.

¶4     Mother did not attend the April 24, 2014 hearing because she was being treated in the Utah State Hospital. Mother's counsel

---

1. The juvenile court had previously determined that reunification services were not appropriate during a hearing conducted on January 21, 2014. This determination was based largely on Mother's failure to assist the Division of Child and Family Services in developing a service plan.

asked that the hearing be continued until Mother could attend. In response, the juvenile court reiterated that it had previously ordered permanent guardianship to be awarded to the children's aunt and uncle, and that there was no reason to keep the case open. It then elected to terminate its jurisdiction, thereby allowing the children's aunt and uncle discretion to schedule parent-time with Mother, instead of including a schedule in its final order.

¶5     Thus, despite Mother's arguments to the contrary, the juvenile court conducted a full permanency hearing on March 20, 2014, at which Mother was given the opportunity to present evidence. The April 24, 2014 hearing was merely a review hearing meant to allow the parties time to incorporate a visitation schedule into the final permanency order. Accordingly, because Mother had already been afforded her right to an evidentiary hearing, which she attended, she was not entitled to a second evidentiary hearing on the same issue during the April 24, 2014 hearing. Further, Mother was not entitled to reunification services while she was committed to the Utah State Hospital, because (1) the permanency hearing awarding custody of the children to their aunt and uncle occurred before Mother's commitment, and (2) the juvenile court had denied Mother reunification services months earlier due to her failure to cooperate with the Division of Child and Family Services in preparing such a plan.

¶6     Affirmed.

————————